**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| LINWOOD GRAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 25-4158 (UNA) |
| | ) | |
| A.U.S.A. BARBARA S. SKALLA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>Memorandum Opinion</u>**

Plaintiff brings this action against three Assistant United States Attorneys who prosecuted the criminal case against him in the United States District Court for the District of Maryland. *See* ECF No. 1 at 3. He alleges that Defendants "deliberately fabricated incriminating evidence" for the purpose of securing an indictment and "to criminally charge and prosecute" him, engaged in the "knowing presentation of perjured testimony," and "obstructed justice." *Id*. at 1, 3–4. Plaintiff seeks declaratory relief and compensatory and punitive damages for alleged violations of his due process rights. *See id*. at 1–2.

The Supreme Court has held that "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a civil plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). And the D.C. Circuit has held that this constraint on damages actions under 42 U.S.C. § 1983 "applies equally to claims against federal officials in *Bivens* actions." *Williams v. Hill*, 74 F.3d 1339, 1340 (D.C. Cir. 1996)

1

(per curiam). It also applies to claims for declaratory relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

Because Plaintiff's success here "would necessarily imply the invalidity of his conviction," *Heck*, 512 U.S. at 487, and he has not shown that his conviction or sentence has been reversed or otherwise invalidated, his claims "are not cognizable unless and until he meets the requirements of *Heck*," *Harris v. Fulwood*, 611 F. App'x 1, 2 (D.C. Cir. 2015); *see Gowadia v. Internal Revenue Serv.*, 87 F. Supp. 3d 188, 190 (D.D.C. 2015) ("Because Plaintiff's convictions have not been invalidated in any prior proceeding, *Heck* bars this suit."); *Poynter v. Russo*, No. 13-cv-1129, 2013 WL 4052784, at *1 (D.D.C. Aug. 12, 2013) (dismissing case *sua sponte* under *Heck* where plaintiff did not establish conviction had been overturned).

For these reasons, the court grants Plaintiff's application to proceed *in forma pauperis*, ECF No. 2, and dismisses the complaint for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). A separate order accompanies this memorandum opinion.

/s/
AMIR H. ALI
DATE: April 20, 2026                    United States District Judge